UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES B. MITCHELL** | : | **CIVIL ACTION NO. 2:12-cv-2734** |
| **VERSUS** | : | **SECTION P** |
| **WARDEN, FEDERAL CORRECTIONAL CENTER,** | : | **JUDGE TRIMBLE** |
| **OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, James B. Mitchell. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Background

Petitioner claims that his constitutional rights are being violated at FCIO. More specifically, he states that he is denied meaningful access to the courts as he is not given access to a law library or to his legal property. Petitioner states that such access is necessary because he has two pending § 2255 habeas petitions for which he must prepare documents. Petitioner also alleges that since his placement in the Special Housing Unit ("SHU"), he has been denied the opportunity to work on documents that he needs to file in his habeas matters. Doc. 1, p. 4.

### Law and Analysis

At the outset, this court must determine whether to treat the above claims as plaintiff describes—an application for writ of habeas corpus—or as a civil rights complaint under *Bivens*

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court recognized a cause of action against federal agents or employees for a violation of a constitutional right.

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  On the other hand, however, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.  *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994).  The proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings, it is clear that petitioner has asserted a civil rights claim.  The allegations implicate the manner of confinement rather than the fact or duration of his confinement.  *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).  Petitioner does not challenge his conviction or assert that he should not be in custody.  Thus, petitioner must pursue his claims by filing a *Bivens* action.

The court declines to convert the petition into a *Bivens* action rather than as an application for a writ of habeas corpus.  *See Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005) (describing the practical difficulties involved when converting).  Because petitioner is proceeding *pro se*, a number of things are worth noting.  The court is not making a decision on the ultimate merits of the case.  Petitioner may immediately refile his case as a *Bivens* action. Filing a *Bivens* suit will entail a different set of legal rules and consequences particular to a civil rights suit.  *Id.* at 389–90.

Petitioner is specifically advised that if he elects to proceed *in forma pauperis*, he will be subjected to the provisions of 28 U.S.C. § 1915. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner is no stranger to the application of the above statute to his filings. In fact, it appears he has at least seven strikes against him for filing frivolous cases. *See Mitchell v. USA*, 4:99-cv-757 (N.D. Tex.); *Mitchell v. USA*, 5:94-cv-575 (W.D. Tex.); *Mitchell v. Guyer*, 5:94-cv-1036 (W.D. Tex.); *Mitchell v. USA*, 2:95-cv-22 (W.D. Tex); *Mitchell v. U.S. Custom Service*, 5:98-cv-980 (W.D. Tex.); *Mitchell v. Uvalde County*, 2:94-cv-20 (W.D. Tex.); *Mitchell v. Ludlum*, 2:94-cv-22 (W.D. Tex.); *Mitchell v. McBride*, 5:94-cv-495 (W.D. Tex.); *USA v. Mitchell*, 95-cv-50428 (5th Cir. 1995); *In Re Mitchell*, 97-cv-185 (5th Cir. 1997). However, whether petitioner may be permitted to proceed *in forma pauperis* is a question better suited for resolution if and when petitioner files the appropriate action.

## Recommendation

Accordingly, **IT IS RECOMMENDED** that the instant application for writ of habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE** to petitioner's right to file the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 20th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE